| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL IX | | |
|---|---|---|
| ALVIN HERMINA VENES Recurrente V. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Recurrido | KLRA202500276 | Revisión procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación Núm.: CPSH-05-25 Sobre: Liquidación de Sentencia |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de julio de 2025.

**-I-**

Comparece el Sr. Alvin Hermina Reyes (señor Hermina Reyes o recurrente) y nos solicita que revisemos una *Respuesta al Miembro de la Población Correccional* emitida el 29 de enero de 2025 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR o parte recurrida) referente a una Solicitud de Remedios Administrativos instada por el recurrente debido a su inconformidad con la forma en la que se había computado la liquidación de varias sentencias que se encuentra extinguiendo en prisión. Inconforme con la referida determinación, el señor Hermina Reyes presentó una *Solicitud de Reconsideración*, la cual mediante *Resolución* de 23 de abril de 2025 fue denegada por la DRA.

En apretada síntesis, el recurrente objetó la Hoja de Control Sobre Liquidación de Sentencias fechada el 27 de junio de 2024 pues consideraba que la misma no le acreditaba cierto tiempo en que estuvo privado de libertad preventivamente antes de que dictaran las sentencias en su contra.

Así las cosas, tras serle requerida su posición, el 15 de julio de 2025 compareció la parte recurrida, representada por la Oficina del Procurador General de Puerto Rico. En dicha comparecencia, el Estado informó a este Tribunal que el DCR estimó el planteamiento del señor Hermina Venes, y concedió su reclamo, computando nuevamente la liquidación de sentencias del recurrente, hecho plasmado en una nueva Hoja de Control Sobre Liquidación de Sentencias con fecha de 15 de julio de 2025. En vista de lo anterior, el Estado solicitó la desestimación del recurso, al haberse tornado el mismo en académico.

**-II-**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386.

La jurisdicción está regulada por la aplicación de diversas doctrinas que dan lugar al principio de la justiciabilidad, estas son: la legitimación activa, la academicidad y la cuestión política. Por lo que, antes de evaluar los méritos de un caso, los tribunales debemos determinar si la controversia ante nuestra consideración es justiciable o no, ello debido a que los tribunales solo estamos para resolver controversias genuinas dentro de una situación adversativa en la cual las partes tengan un interés real de obtener un remedio que haya de afectar sus relaciones jurídicas. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002).

En esencia, un caso se torna académico cuando con el paso del tiempo y los eventos posteriores el mismo pierde su condición de

controversia viva y presente. *Empresas Puertorriqueñas de Desarrollo, Inc. v. H.I.E.TEL.*, 150 DPR 924 (2000). Así pues, un caso es académico cuando pierde su carácter adversativo, ya sea por cambios fácticos o judiciales acaecidos durante su trámite judicial, creando una circunstancia en la que la sentencia sería una opinión consultiva. *Angueira v. JLBP*, 150 DPR 10 (2000). Por otra parte, la doctrina de justiciabilidad requiere que, durante todas las etapas de un procedimiento adversativo, exista una controversia genuina entre las partes. *Noriega v. Hernández Colón*, 135 DPR 406(1994). Una vez llegamos a la determinación de que un recurso es académico, por imperativo constitucional (ausencia de 'caso o controversia') o por motivo de autolimitación judicial, debemos abstenernos de considerarlo en sus méritos. *San Antonio Maritime v. P.R. Cement Co.*, 153 DPR 374 (2001).

Por último, no podemos olvidar que los tribunales estamos obligados a ser celosos guardianes de nuestra jurisdicción. Por tal razón, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones permite que este foro desestime, aun a iniciativa propia, aquellos casos en los que no tiene jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

**-III-**

En el caso que nos ocupa la parte recurrida acogió la solicitud del señor Hermina Venes y, mediante la elaboración de una nueva Hoja de Control Sobre Liquidación de Sentencias, con fecha de 15 de julio de 2025, concedió el remedio solicitado en el recurso.

Por tanto, no cabe duda de que al presente recurso le es aplicable la doctrina de academicidad. Evidentemente, estamos ante una controversia que perdió su carácter adversativo.

En vista de lo anterior, al convertirse el reclamo del recurrente en uno académico, este Tribunal carece de jurisdicción para considerarlo. Conforme a la conclusión que antecede, la normativa antes expuesta nos requiere disponer del recurso desestimando el mismo.

**-IV-**

Por las razones que anteceden, se desestima el recurso por falta de jurisdicción.   El DCR deberá entregar copia de la presente determinación al señor Hermina Venes en la institución penal donde se encuentre confinado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones